IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IKECHUKWU NWOKEJI,<br><br>   Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>   Defendant. | CV 04-11804 REK |

## ANSWER OF DEFENDANT ELI LILLY AND COMPANY

Defendant, Eli Lilly and Company ("Lilly"), by its counsel, hereby responds to the correspondingly numbered paragraphs of plaintiff's Complaint as follows:

### COUNT I

1. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2. Lilly admits the allegations in Paragraph 2.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. In response to the allegations in Paragraph 4, Lilly admits only that this Court has jurisdiction over the parties.

FHBOSTON/1114828.1

5.  Lilly denies the allegations contained in Paragraph 5, except that Lilly admits that it manufactured, advertised and sold Zyprexa® to independent pharmaceutical wholesalers.

6.  Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.

8.  Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

9.  Lilly denies the allegations contained in Paragraph 9 (a-c), except that Lilly admits that it manufactured, advertised and sold Zyprexa® with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

10. Lilly denies the allegations contained in Paragraph 10 except admits that, after receiving FDA approval to market Zyprexa®, Lilly has marketed Zyprexa® to physicians in accordance with applicable laws and regulations, with adequate communication of the known risks, and with adequate warnings commensurate with the risk and gravity of the possible side effects from its use.

11. Lilly denies the allegations contained in Paragraph 11. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's alleged injuries and quality of life.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, and by way of affirmative defenses, Lilly states as follows. Lilly hereby gives notice that it intends to reply upon such other defenses as

may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Lilly.

2. Discovery may show that plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. Some or all of the plaintiff's claims are barred by the learned intermediary doctrine.

4. The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence or fault of the plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of plaintiff and/or others, and any recovery against Lilly should be reduced accordingly under comparative fault principles.

5. The injuries alleged in the Complaint were caused by the independent, intervening acts or omissions of others which superseded any acts or omissions alleged against Lilly.

6. If Zyprexa® was involved in the injuries or damages alleged in the Complaint, which is denied, discovery may show that the use of that drug was neither proper nor in accordance with the prescribed or correct procedures, and, accordingly, the drug was abused, misused, and applied for purposes other than those which were indicated or intended by Lilly.

7. At all relevant times herein, Lilly manufactured, designed, formulated, developed, marketed, and provided its product with proper warnings, information, cautions, and instructions for use in conformity with generally recognized and prevailing governmental and industry standards and regulations in existence at the time.

8. At all relevant times herein, the plaintiff's prescribing physician was in the position of a sophisticated purchaser, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa®.

9. Any pharmaceutical drug manufactured by Lilly which may have been consumed by the plaintiff was designed, manufactured and labeled in a manner consistent with the state of the art at the pertinent time.

10. Some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of the plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Lilly is not responsible.

11. The warning, labeling, advertising and sale of Zyprexa® complied at all times with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. and the Federal Trade Commission Act 15 U.S.C. § 41 et seq., which statutes preempt Plaintiff's claims and constitute a complete or partial defense to the allegations of plaintiff's Complaint.

12. Plaintiff's claims are subject to the limitations on the doctrine of strict liability and breach of warranty in the Restatement (Second) of Torts, Section 402A, comments j and k, and the Restatement (Third) of Torts: Products Liability, Sections 4 and 6.

13.     Discovery may show that plaintiff's claims are barred by the doctrines of waiver, estoppel, release, and/or laches.

14.     Plaintiff's breach of warranty claims are barred because plaintiff failed to give timely notice of any alleged breach of warranty to Lilly; plaintiff did not reasonably rely on any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

15.     The plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, were caused in whole or in party by the plaintiff's failure to exercise reasonable care and diligence to mitigate the alleged damages.

16.     Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution and by Article 21 of the Massachusetts Constitution because Lilly's commercial speech regarding Zyprexa® was neither false nor misleading.

17.     Plaintiff's claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

18.     Plaintiff is barred from receiving any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by plaintiff without substantially impairing the usefulness or intended purpose of the product.

WHEREFORE, Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed, with prejudice, that Lilly be awarded its costs, disbursements,

and attorneys' fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

ELI LILLY AND COMPANY,
By its attorneys,


/s/ James J. Dillon
James J. Dillon BBO #124660
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

and

Nina M. Gussack
Anthony Vale
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Tel: (215) 981-4000